Dorothy Tepper, as Administratrix of the Estate of Herman Tepper, Deceased, Respondent, *v.* New York, New Haven and Hartford Railroad Company, Appellant.

**Master and servant — Federal Employers' Liability Act — when employee killed by electricity while oiling electric crane, used in interstate commerce and also for other purposes, cannot recover in action brought under provisions of the act.**

Plaintiff's intestate, an employee of defendant railroad, was, at the time of the accident which resulted in his death, engaged in oiling an electric crane which was in a repair shop of the defendant, and the spout of the oil can which he was using came into contact with a heavily charged electric wire, thereby causing his death. This action is brought under the provisions of the Federal Employers' Liability Act (35 U. S. Stat.) but cannot be maintained, and the judgment for plaintiff must be reversed under the authority of *Industrial Accident Commission of California* v. *Davis* (259 U. S. 182) and *Shanks* v. *Delaware, Lackawanna & Western R. R. Co.* (239 U. S. 556). The crane which he was oiling was used not only in connection with repairs on locomotives and cars used in interstate commerce, but also in handling heavy material, whether used in interstate commerce or not. At the time of the injury it was not so engaged. (*Hiser* v. *Davis*, 234 N. Y. 300, distinguished.)

*Tepper* v. *N. Y., N. H. & H. R. R. Co.*, 208 App. Div. 789, reversed.

(Argued June 2, 1924; decided July 5, 1924.)

# 424    Tepper v. N. Y., N. H. & H. R. R. Co.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 27, 1924, affirming a judgment in favor of plaintiff entered upon a verdict.

*John M. Gibbons* for appellant. At the time of the accident plaintiff's intestate was not engaged in interstate commerce. The case, therefore, is one for compensation and was not properly brought under the Federal Employers' Liability Act of 1908. (*Ind. Acc. Comm.* v. *Davis,* 259 U. S. 182; *C., C., C. & St. L. R. R. Co.* v. *Ropp,* 129 N. E. Rep. 475; *Shanks* v. *D., L. & W. R. R. Co.,* 239 U. S. 556.)

*Thomas J. O' Neill* and *Leonard F. Fish* for respondent. The plaintiff's intestate was engaged in interstate commerce or work so closely connected therewith as to be a part thereof. (*Erie R. R. Co.* v. *Collins,* 253 U. S. 77; *Chesapeake R. R. Co.* v. *Kornhoff,* 167 Ky. 353; *Roush* v. *R. R. Co.,* 243 Fed. Rep. 712; *Erie R. R. Co.* v. *Szary,* 253 U. S. 56; *Eng* v. *So. Pac. Co.,* 238 U. S. 299, 603; *C., K. & S. R. Co.* v. *Kindlesparker,* 246 U. S. 657; *Johnson* v. *S. P. R. R. Co.,* 196 U. S. 1; *Pederson* v. *R. R. Co.,* 229 U. S. 146; *P., B. & W. R. R. Co.* v. *Smith,* 250 U. S. 101; *Hiser* v. *Davis,* 234 N. Y. 300.)

McLAUGHLIN, J. This action was brought to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence of the defendant.

The appeal presents but one question, viz., whether, at the time of the accident, plaintiff's intestate was engaged in interstate commerce. If he were, then the judgment is right; if he were not, the action cannot be maintained under the provisions of the Federal Employers' Liability Act (35 U. S. Stat. 65) and the complaint should have been dismissed.

The facts are not in dispute. The intestate, an employee of defendant, was, at the time the accident

which resulted in his death occurred, engaged in oiling an electric crane which was in its shop at Van Nest, N. Y. There was a long spout to the can which contained the oil, and that in some way came in contact with a heavily charged electric wire, and he received the shock which caused his death. The crane was a large one, used not only in connection with repairs on locomotives and cars engaged in interstate commerce, but also in handling heavy material, whether used in interstate commerce or not. The plaintiff had a verdict for a substantial amount and the judgment entered thereon was affirmed by the Appellate Division, two of the justices dissenting. This appeal followed.

I am of the opinion the judgment must be reversed on authority of *Industrial Accident Commission of California* v. *Davis* (259 U. S. 182) and *Shanks* v. *Delaware, Lackawanna & Western R. R. Co.* (239 U. S. 556).

In the first case, one Burton was injured while making repairs to defendant's engine used in interstate commerce and he sought compensation under a statute of the State of California. Compensation was awarded, but on review the award of the Commission was reversed, the court holding that Burton at the time he was injured was engaged in interstate commerce. On appeal to the United States Supreme Court, the judgment was reversed, that court holding he was not engaged in interstate commerce, and relief must be obtained, if at all, under the State statute. The facts in that case are very much like the facts in the present case.

In the second case it was held that to entitle one to recover under the Employers' Liability Act, not only must the carrier be engaged in interstate commerce at the time of the injury, but also the person injured must be employed by the carrier in such commerce.

The respondent relies largely upon *Hiser* v. *Davis*, recently decided by this court (234 N. Y. 300). That case is clearly distinguishable from the present one.

There, the defendant was engaged exclusively in interstate commerce, operating a ferryboat between the foot of Forty-second street, New York city, and Weehawken, N. J. It had a building at the New York terminus, in which were located boilers from which steam was supplied for heating the waiting room, lavatories and ticket offices in the ferry house adjacently located, and also in furnishing hot water for the ferryboats. The intestate was one of a gang of men which was engaged in removing an old smokestack upon the boiler building for the purpose of replacing it with a new one. While thus engaged, one of defendant's ferryboats entered the slip, as claimed, without any appropriate warning, and intestate was caught between the apron, so called, and the dock, and so injured that he died shortly thereafter. This court held that the intestate, at the time he was injured, was at work upon a building or appliance which was " an essential instrumentality in carrying on defendant's business of interstate commerce." In the instant case the intestate, at the time he was injured, was not thus engaged.

This being so, I think the court erred in sending the case to the jury. The question is raised by a proper objection and exception.

The judgment appealed from, therefore, should be reversed, with costs in all courts, and the complaint dismissed.

CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch. J., not voting.

Judgment reversed, etc.